BUCHALTER
A Professional Corporation
ERIC KENNEDY (SBN: 228393)
BRIAN SHAW (SBN: 311613)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Tel.: 949.760.1121
Fax: 949.720.0182
ekennedy@buchalter.com
bshaw@buchalter.com

Attorneys for Defendant
ALTERA DIGITAL HEALTH INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO VERDE HEALTHCARE DISTRICT, a public entity,<br><br>Plaintiff,<br><br>vs.<br><br>ALTERA DIGITAL HEALTH INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00666<br><br>[Originally filed in Riverside County Superior Court, Case No. CVPS2401780]<br><br>**DEFENDANT ALTERA DIGITAL HEALTH INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Altera Digital Health Inc. ("Altera") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. section 1441, based on diversity jurisdiction as defined by 28 U.S.C. section 1332.

The basis for removal is as follows:

/ / /

## I. BACKGROUND

1. On March 26, 2024, Plaintiff Palo Verde Healthcare District ("Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of Riverside, entitled *Palo Verde Healthcare District, a public entity, v. Altera Digital Health Inc., a Delaware Corporation, and DOES 1 through 10, inclusive*, Case No. CVPS2401780 ("the Action"). *See* Summons and Complaint, a true and correct copy of which is attached to the concurrently filed Declaration of Eric Kennedy ("Kennedy Decl.") as "Exhibit 1."

2. In its complaint for damages (the "Complaint"), Plaintiff alleges that it entered into a Master Client Agreement (the "Agreement") with Altera, successor-in-interest to Allscripts Healthcare LLC, to provide Plaintiff with electronic health records software. *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶¶ 10, 11.

3. Plaintiff alleges that Altera breached the Agreement by (1) setting up the electronic health records software incorrectly, (2) failing to configure correctly the Financial Classes, (3) failing to provide the necessary software updates, and (4) incorrectly showing balances for over 400 patients. *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶¶ 14, 16.

4. As a result, Plaintiff alleges it "likely lost many millions of dollars in revenue due to [the] System's failures" and that Plaintiff "has conferred upon ALTERA the benefit of approximately $10 million." *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶¶ 14, 42 (emphasis omitted). Plaintiff seeks "disgorgement of all profits, money, and benefits obtained by ALTERA . . . ." *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶ 5 (Prayer for Relief).

5. Plaintiff's Complaint asserts causes of action for (a) Breach of Contract; (b) Violation of Business and Professions Code Section 17200, *et seq.*, (c) Breach of Implied Covenant of Good Faith and Fair Dealing; and (d) Unjust Enrichment based on the alleged wrongful conduct. *See generally* Kennedy Decl. ¶ 2; Exhibit 1, Compl.

///

6. Altera was served with a copy of Plaintiff's Summons and Complaint on March 27, 2024. *See* Kennedy Decl. ¶ 2.

7. As Altera is the only named Defendant in the Action, all Defendants that have been properly served consent to the removal of the Action. *See* 28 U.S.C. § 1446(b)(2); *see also Doe v. Rose*, Case No. CV-15-07503-MWF-JC, 2016 WL 81471, at *2 (C.D. Cal. Jan. 7, 2016) ("For almost a century the Ninth Circuit has held that the parties who have not been served need not join or consent to removal.")

8. The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is an action that may be removed to this Court by Altera pursuant to the provisions of 28 U.S.C section 1441, *et seq.*, because it is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441.

### A. Complete Diversity of Citizenship Exists

9. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a California public entity is subject to federal diversity jurisdiction as a citizen of the State of California. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973). A corporation is deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

10. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transport Assoc. of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of the complaint or is disclosed in pleadings, motions, or papers "from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

11. Plaintiff, Palo Verde Healthcare District, was at the time of filing of the Action, and still is, a California public entity located in Riverside County, California. *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶ 5.

12. Defendant, Altera, was at the time of the filing of the Action, and still is, incorporated in the State of Delaware with its principal place of business located in Niagara Falls, New York. *See* Kennedy Decl. ¶ 4; Exhibit 3.

13. The citizenship of Does 1 through 10 may be ignored for removal purposes. *See* 28 U.S.C. § 1441 (b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.")

14. Because Plaintiff is of a different citizenship than Defendant, there is diversity of citizenship in this action proper for removal pursuant to 28 U.S.C. section 1332(a)(1), (2).

**B.    The Amount-in-Controversy Requirement Is Satisfied.**

15. As a result of Altera's alleged breach of the Agreement (and other alleged misconduct) Plaintiff seeks, among other things, "restitution, including disgorgement of all profits, money, and benefits obtained by ALTERA as a result of their wrongful conduct and acts of unjust enrichment . . . ." *See* Kennedy Decl. ¶ 2; Exhibit 1, Compl. ¶ 5 (Prayer for Relief).

16. Plaintiff further alleges it "likely lost many millions of dollars in revenue due to [the] System's failures" and that Plaintiff "has conferred upon ALTERA the benefit of approximately $10 million." *See id* at ¶ 2; Exhibit 1, Compl. ¶¶ 14, 42 (emphasis omitted). Thus, pursuant to the Federal Rules of Civil Procedure, the amount in controversy exceeds $75,000.00, exclusive of interest and cost. *See* 28 U.S.C. § 1332(a).

/ / /

### III. PROCEDURAL STATEMENT

17. Based upon the foregoing, all requirements for diversity jurisdiction have been met. Altera therefore removes this action now pending against it in the Superior Court of California, County of Riverside, to this Court.

18. The Superior Court of the State of California for the County of Riverside is located in the Central District of California. Therefore, venue is proper pursuant to 28 U.S.C. section 84(c)(1) because this district is the "district within which such action is pending." *See* 28 U.S.C. § 1446(a).

19. This Notice of Removal has been filed within thirty (30) days of Plaintiff's service of the Complaint (the initial pleading setting forth Plaintiff's claims for relief) on March 27, 2024. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

20. No previous Notice of Removal has been filed in this action.

21. Pursuant to 28 U.S.C. section 1446(a), copies of the Summons, Plaintiffs' Complaint, and all other process, pleadings, and orders served on Altera are attached as Exhibit 1 to the Kennedy Decl.

22. Altera promptly will notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

DATED: March 28, 2024

**BUCHALTER**
A Professional Corporation

By: ___*/s/ Eric Kennedy*___
ERIC KENNEDY
Attorneys for Plaintiff
ALTERA DIGITAL HEALTH INC.