Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
Dominick J. Sawaya, SBN 345943
dsawaya@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Plaintiff
Palo Verde Healthcare District

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFRNIA - EASTERN DIVISION

| | |
|---|---|
| PALO VERDE HEALTHCARE DISTRICT, a California public entity,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALTERA DIGITAL HEALTH INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:24-cv-00666-FLA (DTBx)<br><br>Dist. Judge:　Hon. Fernando Aenlle-Rocha<br>Mag. Judge:　Hon. David P. Bristow<br>Action Date:　March 26, 2024<br>Trial Date:　Not Yet Assigned<br><br>**EMERGENCY *EX PARTE* APPLICATION OF PLAINTIFF PALO VERDE HEALTHCARE DISTRICT FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:<br>Time:<br>Courtroom:　6B |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 65, and Civil Local Rules 7-19, 65-1, and 77-1, Plaintiff PALO VERDE HEALTHCARE DISTRICT *dba* Palo Verde Hospital ("PVHD") hereby applies on an **emergency** basis for an *ex parte* Temporary Restraining Order ("TRO") preserving the status quo that:

- enjoins and prohibits Defendant ALTERA DIGITAL HEALTH INC. ("ALTERA"), and its agents, assigns, employees, and any individual or entity acting in concert with or under the direction of ALTERA, from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of the electronic health record and financial management software system in place and in use at Palo Verde Hospital over the past 6-plus years, which system contains all patient information, including medical and health records, patient history, pharmacy, laboratory, radiology, emergency room records, and the information required for PVHD to bill for treatment, care, and related services it provides to its entire patient population;

- enjoins and prohibits ALTERA, and its agents, assigns, employees, and any individual or entity acting in concert with or under the direction of ALTERA, from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of any related software, software modules, content, and materials identified or referenced in the written contract between PVHD and ALTERA dated March 31, 2015;

- requires ALTERA to provide all of PVHD's data contained in the electronic health record and financial management system to PVHD in human, readable format within 30 days; and

- remains in effect until terminated by the Court.

This **emergency** *Ex Parte* Application for Temporary Restraining Order is based upon this Notice of *Ex Parte* Application, the attached Memorandum of Points and Authorities in support thereof; the contemporaneously-filed Declarations of William Van Noll, Sandra Anaya, and Maria C. Roberts all papers and pleadings from this case on file with the Court, all other matters of which the Court may take judicial notice, any further evidence or argument offered to the Court, and any other matters that the Court may consider.

/ / /

/ / /

1

PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY INJUNCTIVE RELIEF AND
AN ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
CASE NO. 5:24-CV-00666-FLA (DTBx)

Notice of this **emergency** *ex parte* application (and notice of the TRO application that was filed in Superior Court) was given to ALTERA's lawyers on March 29, 2024 at approximately 10:45 a.m., including advising the lawyers of the substance of this **emergency** application in accordance with Civil Local Rule 7-19. PVHD is unaware of whether ALTERA opposes this application. (Roberts Decl., ¶2; Exh. 14.)

An *ex parte* application seeking the same relief was filed in and set to be heard by the Superior Court for the State of California, County of Riverside, on March 29, 2024 at 8:30 a.m. in Department PS-1. However, late in the evening on March 28, 2024, Defendant ALTERA served PVHD with a notice of removal of this case to the United State District Court, for the Central District of California. As a result of the removal, ALTERA was able to thwart the TRO hearing set in Superior Court for March 29, 2024, thereby forcing PVHD to file this **emergency** TRO application with the District Court.

Exceptional circumstances justify the relief sought by this **emergency** application on an *ex parte* basis, because ALTERA has threatened to permanently remove PVHD's access to the entire electronic health record and financial management system (the "System") in place at Palo Verde Hospital **on Monday, April 1, 2024.** If ALTERA does lock PVHD out of this System, it will be deprived of having any access to patient records, medical histories, laboratory test results, medication history, diagnostic study results, admission records, and all of its financial and billing records related to care, treatment and services provided to its patients. (*See*, William Van Noll and Sandra Anaya declarations.) If this happens, it will prevent PVHD from providing necessary and proper care and treatment of its patients, being able to make meaningful decisions on patient care and will put patient lives at risk. Thus, this is a life and death situation. (*Id*.) Moreover, the contract between PVHD and ALTERA expressly allows for PVHD to seek injunctive relief against ALTERA. (Van Noll Decl.)

Thus, in accordance with Civil Local Rule 77-1, Court action is required **before** to the next business day (April 1, 2024) to prevent this extraordinary action threatened by ALTERA that will cause immediate and irreparable harm not only to PVHD, but to all of its patients.

By way of background, PVHD is a public healthcare district that operates a small rural hospital, known as Palo Verde Hospital, which provides critical healthcare services to those in need in the rural community of Blythe, California. To serve its patients, PVHD relies on its electronic health record and financial management systems —a critical tool for facilitating the seamless recording, retrieval, and coordination of medical information, managing medical billing, and, most importantly, providing and ensuring safe and precise patient care.  In particular, these systems allow physicians to access vital patient information instantly, including, for example, medical history, radiology studies, prior diagnoses, prior treatment, medications being taken, allergies, and past treatment.  This quick access is especially crucial in emergency situations, where every second counts.  In fact, studies show that hospitals without such systems have a patient mortality rate nearly 20% higher than those with such systems.[1]  (See, Van Noll and Anaya declarations.)

PVHD's access to its electronic health record and financial management systems is not just a matter of convenience or administrative efficiency—it's a matter of life or death for PVHD's patients and for its business operations.  Without uninterrupted access to these systems, PVHD's ability to deliver prompt and informed treatment is seriously compromised and put hundreds of patients in Blythe at risk of mistreatment, misdiagnoses, serious injury, and even death.  It also will prevent PVHD from being able to bill for any of its services and care provided to patients. As such, the injunction sought against ALTERA to protect PVHD's access to the electronic health record and financial management systems and all software/programs

---

[1] (See Trout et al., *The Impact of Electronic Health Records and Meaningful Use on Inpatient Quality* (The Journal for Healthcare Quality 2022) https://pubmed.ncbi.nlm.nih.gov/34267170.)

related to these systems is imperative for safeguarding the health and well-being of the community PVHD serves and its own survival. (See, Van Noll and Anaya declarations.)

On **March 31, 2015**, PVHD and Defendant ALTERA[2] entered into a written agreement for the provision of the electronic health record and financial management systems, including related software, equipment, and professional support IT services. (Van Noll Decl., ¶3, Exh. 1.)  Since that date, PVHD has paid over $10 million to ALTERA for the software and support services (including millions of dollars in overcharges by ALTERA).  However, it has been discovered recently that these systems are fraught with problems caused by the way the systems were built by ALTERA.

In **July 2023**, PVHD's new Chief Financial Officer, William Van Noll, began to investigate and uncover serious problems with the ALTERA electronic health record and financial management systems and what appeared to be errors and irregularities in the way the system was built by ALTERA. This prompted Mr. Van Noll to begin immediate and regular communications with ALTERA's team about the problems with the system at PVHD. In response, ALTERA met at PVHD, analyzed the system in place and its functionality and described their own system as one of the "worst they had ever seen" at any hospital. ALTERA employees conceded many of the errors in the way the system was built by it that significantly impacted PVHD's ability to properly and timely bill and pursue payment for treatment, care and services provided to PVHD patients, causing many millions of dollars in losses to PVHD. Compounding the situation was the fact that, because of the way the system was built by ALTERA, the billing problems were actually hidden from PVHD, which could not detect, observe, discover or correct the problems.  (Van Noll Decl.)

---

[2] This agreement was actually entered into with Allscripts Healthcare LLC—an Illinois corporation.  However, on May 6, 2022, N. Harris Computer Corporation acquired Allscripts Healthcare LLC and re-branded Allscripts to operate under its subsidiary Defendant ALTERA DIGITAL HEALTH INC.  (See https://www.alterahealth.com/newsroom/harris-completes-purchase-of-allscripts-hospitals-and-large-physician-practices-business-segment.)

By **August 2023**, it was clear to PVHD that ALTERA failed to fulfill its contractual obligations and was in breach of those obligations (a reality admitted by numerous ALTERA employees), despite billing and receiving more than $10 million in payments for the system and support services. At that same time, ALTERA directed that PVHD allow ALTERA to fix the problems with the way it set up the system and to demonstrate to PVHD how the system should have been built and should have been operating. PVHD agreed. (Van Noll Decl.)

In **August 2023**, PVHD began to withhold the $180,000 in monthly payments being charged by ALTERA for its failed system and failed Managed Support services, with the intent to resume payments if and when the system was fixed, functioning as ALTERA represented it should function and when PVHD was able to properly, accurately and timely bill for the treatment, care and services it provides. (Van Noll Decl.)

In **late August 2023**, ALTERA presented PVHD with a memo of steps it planned to take to rectify billing problems it created, which would help PVHD "get cash in the door." ALTERA assigned a new employee to provide the required "Managed IT Services" to PVHD, because the ALTERA employee who had been assigned to that role for the prior 6 years (James O'Brien), was described by ALTERA as lacking the expertise and knowledge to serve in that role or to support the needs of PVHD. However, within weeks of the new employee being put in that role, that employee went on an indefinite leave of absence and was replaced by a team out of India, who proved to be nonresponsive and who provided no solutions in response to any of PVHD's needs. (Van Noll Decl.)

In **September, October, and November 2023**, Mr. Van Noll, met/spoke on a weekly basis with members of ALTERA's team of employees assigned to address and rectify the problems with the system at PVHD. In those calls, Mr. Van Noll would discuss the continued problems PVHD was experiencing with the financial management and billing side of the system and ALTERA would agree to investigate

and fix the problems. ***Despite many calls, meetings, emails and ALTERA's repeated assurances that its system would be fixed, no meaningful progress was made on any of the promised fixes to the system*** and PVHD continued to experience the same problems.  And, as time passed, ALTERA became less and less responsive to PVHD and the longer the system failed, the greater the economic losses were to PVHD, which ALTERA estimated to be in the ***hundreds of millions of dollars***. (Van Noll Decl.)

In the face of complete failure by ALTERA to do what its contract required and what it had promised PVHD it would do and, despite knowing the horrific financial losses ALTERA's system had caused PVHD, on **November 21, 2023**, ALTERA demanded PVHD pay it more than $405,000 and threatened if payment was not received within two weeks, all support services to PVHD would be cut off.  In other words, as ALTERA's broken system continued to cause PVHD to be crushed financially and as it failed to fix the system, it was simultaneously demanding payment and threatening to cause even greater harm to PVHD. When PVHD did not pay the hundreds of thousands of dollars demanded by ALTERA, it fulfilled its threat and cut off all support services to PVHD on **December 4, 2023**.  (Van Noll Decl.)

In **early January, 2024**, ALTERA locked PVHD out of the electronic health record and financial management system altogether. Because of the seriousness of this situation and the fact that problems had persisted for months without being fixed by ALTERA, PVHD's outside counsel became involved and immediately engaged in communications with ALTERA and its in-house lawyers. The in-house lawyers initially suggested the system lock-out was not caused by ALTERA, but that proved false and, more than 24 hours after the lock-out occurred, PVHD's access to the system was restored. This had a devastating impact on PVHD's operations and its ability to care for patients. ALTERA locked PVHD out of its system on a few subsequent occasions, leaving PVHD without access to the system for hours and hours

6

PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY INJUNCTIVE RELIEF AND
AN ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
CASE NO. 5:24-CV-00666-FLA (DTBx)

at a time, compromising patient care and related decision-making, putting PVHD and its providers at grave risk and compounding its financial losses. (Van Noll Decl.)

On **January 31, 2024**, without ALTERA making any meaningful repairs to the system, after cutting off all support services to PVHD, and locking PVHD out of its system on several occasions, ALTERA wrote to PVHD making assertions that were objectively and provably false, demanding more than $1.3 million and threatening to terminate the contract with PVHD, i.e., cut off all access to the system if payment was not received within 60 days. (Van Noll Decl.)

On **February 13, 2024**, counsel for PVHD responded with a detailed letter that addressed every falsehood in ALTERA's January 31 letter and which set forth many of the contractual breaches by ALTERA and misrepresentations it had made. These back and forth communications have continued since, but ALTERA (and its outside lawyers) has refused to withdraw its threat to end all services to PVHD on April 1, 2024, unless the $1.3 million plus payment is made to it. (Roberts Decl.)

In these communications, PVHD has pleaded with ALTERA not to cut off its access to the electronic health record and financial management system until sometime after June 30, 2024. It has asked ALTERA to provide it with all of its data in the system in human, readable format. It invited ALTERA to participate in mediation. It has also made clear that if agreement is not reached with ALTERA on these points, PVHD would be forced to initiate legal action against ALTERA and to seek all relief available to it. (See generally, Roberts Decl. and Exhibits thereto.)

As of **March 29, 2024**, ALTERA had not withdrawn its threat to terminate all services to PVHD **effective April 1, 2024**, had not responded to PVHD's request for its data from the electronic health record and financial management system, and had not responded to PVHD's offer to mediate the dispute. (See generally, Roberts Decl. and Exhibits thereto.)

/ / /

/ / /

With ALTERA's threat to cut off PVHD's access to its EHR within days looming, on **March 26, 2024**, PVHD filed a complaint seeking equitable relief and damages and an *ex parte* application for a temporary restraining order in Riverside County Superior Court.  The hearing on PVHD's *ex parte* application was scheduled for today, March 29, 2024.  PVHD served ALTERA with the Complaint and *ex parte* papers on March 27, 2024 and provided its counsel with a courtesy copy at 8:50 am on March 28, 2024. After the close of business on March 28, 2024, PVHD received notice that ALTERA had removed the action to this Court.  (*See generally*, Roberts Decl. and Exhibits thereto.)

As shown herein and in the memorandum of points and authorities, PVHD has initiated its action and filed this application out of dire necessity, in good faith and for good cause, to preserve the status quo and prevent the irreparable harm that will result if ALTERA carries out its threat to cut off PVHD's access to critical patient health records and its own financial information.  PVHD seeks a TRO and a preliminary injunction that:

> (1) enjoins and prohibits Defendant ALTERA and its agents, assigns, employees, and any individual or entity acting in concert with or under the direction of ALTERA, from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of the electronic health record and financial management system in place and in use at Palo Verde Hospital over the past 6-plus years, which system contains all patient information, including medical and health records, patient history, pharmacy, laboratory, radiology, emergency room records, and the information required for PVHD to bill for treatment, care, and related services it provides to its entire patient population;

> (2) enjoins and prohibits Defendant ALTERA, and its agents, assigns, employees, and any individual or entity acting in concert with or under the direction of ALTERA, from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of any related software, software modules, content, and materials identified or referenced in the written contract between PVHD and ALTERA dated March 31, 2015, pending a hearing on a Preliminary Injunction;

> (3) requires Defendant ALTERA to provide all of PVHD's data contained in the electronic health record and financial management system to PVHD within 30 days in human, readable format; and

(4) remains in effect until the order is terminated by the Court.

If ALTERA is not enjoined, PVHD will be denied access to the system that houses every pertinent piece of information about is patients and other highly important financial data, and billing information, causing PVHD to suffer immediate and irreparable harm and likely resulting in its operations being suspended/paralyzed and its patients being deprived of necessary healthcare. (Fed. R. Civ. P. 65, L.R., 65-1.) No harm will result to ALTERA by the relief requested.

PVHD also requests the Court to issue an Order to Show Cause ("OSC") affording the opportunity to appear and show cause why a Preliminary Injunction should not issue as follows:

Defendant ALTERA shall appear before this Court on _____, 2024 at _____ a.m./p.m. in Department ___, located at 3470 Twelfth Street Riverside, CA 92501-380, to show cause why the Court should not enter a preliminarily injunction ordering that Defendant ALTERA and its agents, assigns employees, and any individual or entity acting in concert with or under the direction of ALTERA:

(1) are enjoined from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of the Electronic Health Record software system in place and in use at Palo Verde Hospital over the past 6-plus years, which system contains all patient information, including medical and health records, patient history, pharmacy, laboratory, radiology, emergency room records, and the information required for PVHD to bill for treatment, care, and related services it provides to its entire patient population;

(2) are enjoined from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of any related software, software modules, content, and materials identified or referenced in the written contract between PVHD and ALTERA dated March 31, 2015, pending a hearing on a Preliminary Injunction; and

/ / /

/ / /

/ / /

(3) are required to provide all of PVHD's data contained in the Electronic Health Record system to PVHD within 30 days in human, readable format.

Dated: March 29, 2024			GREENE & ROBERTS LLP


					By: /s/ *Maria C. Roberts*
					Maria C. Roberts
					Noel J. Meza
					Attorneys for Plaintiff
					Palo Verde Healthcare District