Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:  (619) 330-4907

Attorneys for Plaintiff
Palo Verde Healthcare District

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| PALO VERDE HEALTHCARE DISTRICT, a California public entity,<br><br>Plaintiff,<br><br>v.<br><br>ALTERA DIGITAL HEALTH INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00666-FLA (DTBx)<br><br>Dist. Judge:  Hon. Fernando Aenlle-Rocha<br>Mag. Judge:  Hon. David P. Bristow<br>Action Date: March 26, 2024<br>Trial Date:  Not Yet Assigned<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1.  BREACH OF CONTRACT<br>2.  VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *et seq*.<br>3.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>4.  UNJUST ENRICHMENT<br>5.  BREACH OF EXPRESS WARRANTY<br>6.  BREACH OF IMPLIED WARRANTY<br>7.  FRAUD, DECEIT, CONCEALMENT, AND FRAUDULENT INDUCMENT<br>8.  CONVERSION<br>9.  INTERFERENCE WITH CONTRACTUAL RELATIONS |

Plaintiff PALO VERDE HEALTHCARE DISTRICT hereby alleges:

1.      Plaintiff PALO VERDE HEALTHCARE DISTRICT ("PVHD") provides medical care to the underserved and vulnerable population of Blythe, California, and the surrounding areas.  To enable the provision of such healthcare services, PVHD entered into an agreement (the "Agreement") with Defendant ALTERA DIGITAL HEALTH INC. ("ALTERA") for a functioning electronic health records system (the "EHR System").[1]  As ALTERA has known at all times, the EHR System is **critically important** because it allows PVHD to perform the most basic— yet essential—functions of running a hospital, such as admitting patients, accessing patients' history, charting medical services, sending bills, and tracking payments and accounts receivable.

2.      Despite knowing how crucially important the EHR System is to PVHD's ability to function as a hospital and, more importantly, to provide medical care to its patients, ALTERA has repeatedly failed to fulfill its obligations under the Agreement. Most notably, ALTERA provided PVHD with an EHR System that suffers from a number of significant defects, which prevent PVHD from, among other things, billing for its services correctly and processing accounts receivable.  As admitted by one of ALTERA's own employees: "**[ALTERA's EHR System] is the worst system I have ever seen at a hospital client**."  Other ALTERA employees have also conceded the defects with the EHR System are **ALTERA's own fault** and have likely caused PVHD to lose tens of millions of dollars in revenue.  Yet, despite its obligations under the Agreement, continuous requests from PVHD, and its promises to do so, ALTERA has failed to fix *any* of the problems with the EHR System.

---

[1] ALTERA is the successor-in-interest of Allscripts Healthcare LLC, which was the party that originally entered into an agreement with PVHD.  Allscripts Healthcare LLC was subsequently acquired by N. Harris Computer Corporation, which re-branded Allscripts Healthcare LLC to operate under its subsidiary Defendant, ALTERA.  PVHD is informed and believes, and thereupon alleges that, ALTERA assumed all of Allscripts Healthcare LLC's contractual obligations under the Agreement.

1

3.      To date, PVHD has paid more than $10 million to ALTERA under the Agreement, including overpayments improperly charged by ALTERA.  Nevertheless, ALTERA has repeatedly engaged in unlawful "information blocking" as defined by federal law, has threatened to completely cut off PVHD's access to the EHR System, and has refused to return PVHD's electronic data and records and its patients' health information—unless PVHD pays it an *additional* $1.33 million.  But ALTERA is not entitled to this money because it is in breach of the Agreement.

4.      Allowing ALTERA to cut off, restrict, obstruct, or hinder PVHD's access to the EHR System or to misappropriate and/or withhold from PVHD its patient health information, data, and records has caused and will continue to cause **irreparable harm** to PVHD, its hospital, its patients, and the public.  Most notably, without access to the EHR System, PVHD will not have access to patient records, which will put the health and safety of thousands of patients at risk.  PVHD's healthcare workers will be ignorant about their patients' care history and doctors' orders, which at a minimum, will result in delayed and/or denied medical treatment.  It will also prevent PVHD from being able to track and bill for the services it provides, which will compound the staggering losses caused to date by ALTERA's defective EHR system and will increase PVHD's economic losses and likely force it out of business.  As such, PVHD critically needs all the relief requested herein—especially injunctive relief that prohibits ALTERA from "information blocking"—so that the public, PVHD's patients, and PVHD's hospital are all protected from the irreparable harm that will result if ALTERA continues to engage in "information blocking."

## THE PARTIES

5.      Plaintiff PVHD is, and at all times mentioned in the complaint was, a public healthcare district formed and existing under the California Local Hospital District Law, California Health & Safety Code sections 32000, *et seq*. and is a California public entity.  PVHD operates Palo Verde Hospital, which is located in Blythe, California.

6.      PVHD is informed and believes, and thereupon alleges that, at all times mentioned in the complaint, Defendant ALTERA is a corporation incorporated under the laws of the state of Delaware and authorized to do business in California, with its principal place of business in Niagara Falls, New York.

7.      PVHD is ignorant of the true names and capacities of DOES 1 through 10 inclusive and will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

## JURISDICTION AND VENUE

8.      The acts and transactions giving rise to this action occurred, in substantial part, in Blythe, County of Riverside, California.

9.      Additionally, under the terms of the Agreement that is the subject of the instant action, the obligations of ALTERA were to be performed, in substantial part, in Blythe, County of Riverside, California.

## FACTS

10.     On March 31, 2015, PVHD entered into the Master Client Agreement with Allscripts Healthcare LLC (the "Agreement").  Allscripts Healthcare LLC was subsequently acquired by N. Harris Computer Corporation, which re-branded Allscripts Healthcare LLC to operate under its subsidiary Defendant, ALTERA. PVHD is informed and believes, and thereupon alleges that, ALTERA assumed all of Allscripts Healthcare LLC's contractual obligations under the Agreement.

11.     Pursuant to the terms of the Agreement, ALTERA agreed to provide PVHD with a functioning electronic health records and financial management software (the "EHR System").  In addition, ALTERA agreed to provide PVHD with a 24-hour help desk phone line, operated by a dedicated and qualified ALTERA employee, to support PVHD when the EHR System encountered problems.  In exchange, PVHD agreed to pay ALTERA monthly payments of approximately $67,400.

12.     This original EHR System had a go live date in May 2016 and began to have significant issues, problems, and defects almost immediately.  The billing and financial management platform of the System was malfunctioning and PVHD was unable to send medical bills out to payers.  In September of 2016, ALTERA responded to these issues by sending a team to PVHD to fix the System and created a temporary process whereby PVHD's staff could manually send medical bills to payers.  ALTERA then assured PVHD the System was fixed.

13.     In 2019, ALTERA convinced PVHD that the problems with the EHR System could be fixed if PVHD paid for an upgrade.  PVHD then paid for the upgrade, but the problems appeared to persist and PVHD continued to suffer with the System.

14.     In 2021, ALTERA represented to PVHD's former CFO Christa Rohde, PVHD's current CEO Sandra Anaya, and PVHD's Board of Directors that in order for PVHD to overcome the problems with the EHR System, PVHD needed to pay for a new software program called "SunComm" rather than fix the original software.

15.     Based on ALTERA's representations and warranties about SunComm and its representations that the original EHR System was deficient, PVHD agreed to purchase SunComm on October 21, 2021, when it signed a Delivery Order for that software.  Although the Delivery Order did not terminate the existing license for the EHR System PVHD was using and operating, ALTERA immediately began charging PVHD for the SunComm software it never received nor was provided a license to and has continued to do so to the present date.  The increased *monthly* charges to PVHD increased from $67,400 for the original software and support services to approximately $180,000 for the SunComm software, its implementation, and support services.  This amounted to an increase of approximately $1,350,000 per year in charges by and payments to ALTERA.  To date the SunComm software system has never been licensed to PVHD or implemented.

16.     Unbeknownst to PVHD, ALTERA had fraudulently induced it to enter into the Delivery Order for the license and support costs of the SunComm software by providing PVHD with an EHR System that was defective and failed to meet its operational needs and, subsequently, falsely represented to PVHD that it needed to purchase an upgrade or additional software at a substantial cost as the means of rectifying the defects in the EHR System. These misrepresentations induced PVHD to purchase the upgrade or additional software, resulting in significant financial harm to PVHD.

17.     In July 2023, PVHD hired a new Chief Financial Officer, William Van Noll, who began to notice problems with the EHR System. This prompted Mr. Van Noll to begin immediate and regular communications with ALTERA's team about the issues with the system at PVHD.

18.     At the time Mr. Van Noll began at PVHD, the implementation of SunComm still not been completed and had been delayed at least two years by ALTERA apparently due to COVID-19.  In the meantime, the EHR System PVHD had been using to that point continued to experience significant issues and problems. Mr. Van Noll communicated these issues to numerous people at ALTERA.

19.     In response, on or about August 15, 2023, ALTERA sent its employee, Morgan Kinnett, to PVHD to inspect the EHR System firsthand.  After her review, Ms. Kinnett made the following statements to PVHD staff about the EHR System:

- "***[It] is the worst system I have seen at a hospital client***."
- "I have never seen a system so bad."
- "I have never seen anything like this."

20.     On August 15, 2023, Ms. Kinnett also disclosed to ***PVHD that it had likely lost many millions of dollars in revenue*** due to EHR System's failures.  Ms. Kinnett also informed PVHD that the dedicated support employee provided by ALTERA pursuant to the Agreement (James O'Brien) was only an IT "generalist" and

had no expertise in dealing with PVHD's EHR System or hospital revenue cycle,
which was critical to PVHD's operations.

21.     In or about late August 2023, the CFO of PVHD had a meeting with
ALTERA's Area Vice President, Thomas McCabe, and ALTERA's Managed
Services Program Director, Kelly Johnson.  During that meeting, ALTERA's Vice
President stated that PVHD's EHR Software was "uglier than what we had hoped for"
and admitted that at least 50% of the issues were ALTERA's fault.

22.     During the same meeting, McCabe and Johnson disclosed to PVHD—for
the first time—the true extent of the problems with the EHR System.  These issues
were previously unknown to PVHD, as they were only presented to PVHD through
ALTERA's internal or back-end analysis of the System:

- ALTERA had set up PVHD's EHR System incorrectly so that it could
  not electronically recognize remittances;

- ALTERA had failed to correctly configure the Financial Classes, which
  prevents work queues from populating correctly, causes claims to go
  unfinished or unworked, and makes it difficult to know which balances
  need to be sent to patients;

- ALTERA had not provided PVHD's EHR System with necessary
  software updates, reports, or Managed IT services; and

- The EHR System was not appropriately presenting balances to work
  where no money had been collected.

23.     In late August 2023, ALTERA recommended to PVHD that it not
complete the implementation of SunComm or move to any other system, until
ALTERA fixed the problems with the existing EHR System.  According to ALTERA,
this would have the added benefit of getting much-needed "cash in the door" for
PVHD and would prove to it how well the EHR System should have been functioning
from the inception.  Kelly Johnson then sent PVHD a "True-Up project plan,"
outlining the phases for ALTERA's plan to fix PVHD's existing defective software.
Again, this placed all other projects on hold, including the implementation of

SunComm, until the existing EHR System was fixed by ALTERA. To date these problems have never been fixed by ALTERA.

24.    In September 2023, PVHD discovered that the EHR Software was incorrectly sending bills to patients rather than to institutional payers.  PVHD provided ALTERA with 174 examples of this issue, totaling over $630,000.  ALTERA's response was to blame the problem on a "user error"—which was later demonstrated by PVHD to be false.  To date, these problems have not been fixed by ALTERA.

25.    Also in September 2023, PVHD determined that the EHR Software was incorrectly showed that claims had been billed even though no corresponding outbound claim was sent.  PVHD alerted ALTERA to this problem.  To date this issue has not been fixed by ALTERA.

26.    In October 2023, PVHD informed ALTERA that charges for radiology procedures were not being added to billing claims.  To date, this issue has not been fixed by ALTERA.

27.    Also in October 2023, PVHD advised ALTERA that patients with recurring visits were not appearing in the queue/worklist for PVHD to bill.  To date, this issue has not been fixed by ALTERA.

28.    Despite its obligations under the Agreement, PVHD's continuous requests for help and ALTERA's assurances that all of the problems would be fixed and its receipt of more than $10 million, ALTERA never made any meaningful fixes to PVHD's EHR System.  Despite failing to perform its obligations under the Agreement to fix the EHR System, in November 2024, ALTERA demanded payment of $405,000 from PVHD.  When PVHD did not pay this sum, ALTERA cut off all support services to PVHD on December 4, 2023.

29.    In January 2024, all of PVHD's access to the EHR System was cut-off over a weekend and continuing into the week.  When asked about it, ALTERA's helpdesk employee explained, there was a financial hold on the account, which is why

1   access had been denied and not restored.  This happened several times in January

2   2024.

3          30.    On January 31, 2024, despite still being in breach of its obligations under

4   the Agreement to fix the EHR System, ALTERA threatened to completely cut off

5   PVHD's access to the EHR System permanently on April 1, 2024, unless PVHD paid

6   it more than $1.33 million.  It also said it would not return to PVHD any of its

7   electronically-stored health information prior to permanently shutting off the System,

8   thereby endangering a safe transition of patient data to PVHD.

9          31.    The implementation of SunComm was never completed by ALTERA.

10  Nonetheless, ALTERA has inappropriately charged over $2,000,000 for the

11  SunComm system – software PVHD does not have a license for and that was never

12  implemented – and support related to it since November 2021.  ALTERA has also

13  continued to charge PVHD for Managed IT Services, despite cutting those services off

14  in December 2023, and not providing meaningful Managed IT Services for years.

15                          **FIRST CAUSE OF ACTION**

16                            **(Breach of Contract)**

17         32.    PVHD incorporates by reference all of the foregoing paragraphs as if set

18  forth herein.

19         33.    Effective March 31, 2015, the parties entered into the Agreement

20  requiring ALTERA to, among other things, provide PVHD with a functioning EHR

21  System and a 24-hour "Managed IT Support" or help desk phone line, operated by a

22  dedicated and qualified ALTERA employee.

23         34.    PVHD has performed the conditions, covenants, and promises required

24  of it under the Agreement, except those conditions, covenants, and promises that have

25  been excused.

26         35.    ALTERA has materially breached its obligations under the Agreement in

27  numerous respects, including but not limited to, the following:

28         • Failing to provide PVHD with a functioning EHR System;

8

- Refusing to fix the many defects in the EHR System after being put on notice of such defects;

- Failing to provide a "qualified" employee to provide support to PVHD's EHR System;

- Withdrawing support services to PVHD;

- Threatening to cut off PVHD's access to the EHR System, which amounts to illegal information blocking and which access is necessary for it to provide health care to thousands of patients, in order to extract payments to which it is not entitled, not only because it breached the contract, but also because it overcharged PVHD for an upgrade PVHD did not receive and has received millions of dollars in overpayments;

- Failing to return PVHD's electronically-stored health information to it.

36.    PVHD did not, and could not, through the exercise of reasonable diligence, discover ALTERA's breach of the Agreement prior to August 2023, when it was finally disclosed by ALTERA to PVHD.  PVHD was prevented from discovering ALTERA's breach earlier as a result of ALTERA's own conduct and ALTERA's acts causing the breach of contract were impossible for PVHD to detect.

37.    The material breaches by ALTERA have caused, and will continue to cause, irreparable harm to PVHD and excused PVHD's performance and obligations under the Agreement.

## SECOND CAUSE OF ACTION

**(Unfair Business Practice in Violation of Bus. & Prof. Code § 17200, *et seq*.)**

38.    PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

39.    The Unfair Competition Law defines "unfair competition" to include any "unfair" business act or practice.  (Bus. & Prof. Code § 17200.)  "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers

9

which outweighs its benefits." (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1473.)

40.    ALTERA has engaged in unfair business practices by, among other things, engaging in the following acts:

- Failing to provide PVHD with a functioning EHR System;

- Refusing to fix the many defects in the EHR System after being put on notice of such defects;

- Failing to provide a "qualified" employee to provide support to PVHD's EHR System; and

- Overcharging PVHD more than $2 million for services and support it did not provide.

- Withdrawing support services to PVHD;

- Threatening to cut off PVHD's access to the EHR System, which is necessary to provide health care to thousands of patients, in order to extract payments to which it is not entitled, not only because it breached the contract, but also because it overcharged PVHD for an upgrade PVHD did not receive and charging and receiving millions of dollars in overpayments.

41.    ALTERA's unfair business practices have caused, and will continue to cause, irreparable harm to PVHD.

42.    No reasonable person could have discovered the factual basis for ALTERA's unfair business practices claim prior to August 30, 2023.

43.    Unless ALTERA is enjoined from continuing to engage in such unfair business practices as described herein, PVHD will be irreparably damaged. PVHD, therefore, is entitled to all available forms of injunctive relief and other equitable relief under Business and Professions Code §17203.

/ / /

/ / /

/ / /

/ / /

/ / /

# THIRD CAUSE OF ACTION

## (Breach of Implied Covenant of Good Faith & Fair Dealing)

44.     PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

45.     Effective March 31, 2015, the parties entered into the Agreement requiring ALTERA to, among other things, provide PVHD with a functioning EHR System and a 24-hour help desk phone line, operated by a dedicated and qualified ALTERA employee.

46.     PVHD has performed all conditions, covenants, and promises required of it under the Agreement, except those conditions, covenants, and promises that have been excused.

47.     ALTERA failed to act fairly and/or in good faith and, as a result, prevented PVHD from receiving the benefits under the Agreement by, among other things:

- Failing to provide PVHD with a functioning EHR System;
- Refusing to fix the many defects in the EHR System after being put on notice of such defects;
- Failing to provide a "qualified" employee to provide support to PVHD's EHR System;
- Failing to return to PVHD its electronically-stored data; and
- Threatening to cut off PVHD's access to the EHR System, which is necessary to provide health care to thousands of patients, in order to extract payments that it is not entitled to.

48.     PVHD did not, and could not, through the exercise of reasonable diligence, discover ALTERA's breach of the covenant of good and fair dealing prior to August 30, 2023.

49.     ALTERA's bad faith conduct has caused, and will continue to cause, irreparable harm to PVHD.

/ / /

11

## **FOURTH CAUSE OF ACTION**

### **(Unjust Enrichment)**

50.     PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

51.     PVHD has conferred upon ALTERA the benefit of approximately $10 million.

52.     It would be inequitable and unjust for ALTERA to be permitted to retain any of the money paid to it by PVHD because, among other things, ALTERA has:

- Engaged in unfair business practices that are prohibited by California Business & Professions Code § 17200, *et seq*.;

- Failed to provide PVHD with a functioning EHR System;

- Refused to fix the many defects in the EHR System after being put on notice of such defects;

- Failed to provide a "qualified" employee to provide support to PVHD's EHR System;

- Failing to return to PVHD its electronically-stored data; and

- Threatened to cut off PVHD's access to the EHR System, which is necessary to provide health care to thousands of patients, in order to extract payments that it is not entitled to.

53.     ALTERA has been unjustly enriched as a result of their wrongful conduct.  Accordingly, PVHD is entitled to equitable relief, including restitution and/or disgorgement, of all profits, money, and benefits ALTERA has obtained as a result of such unjust and inequitable business practices.

## **FIFTH CAUSE OF ACTION**

### **(Breach of Express Warranty – Cal. Com. Code § 2313)**

54.     PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

55.     PVHD was harmed by the EHR System sold to it because ALTERA expressly represented and warranted, by words and actions, that the EHR System

1  would work as represented and warranted.  But the EHR System was not as

2  represented and warranted by ALTERA.

3      56.    Specifically, ALTERA gave PVHD a written warranty that the EHR

4  System "will substantially conform to the material functional descriptions in the

5  applicable Specifications, unless no Specification are designated, then material

6  functional descriptions in the applicable Documentation."

7      57.    ALTERA also made statements of fact and promises to PVHD that the

8  EHR System would work properly and correctly.  For example, ALTERA's website

9  states that its EHR System "further advance[s] the care delivery experience while

10 delivering simpler technology that is more purposefully designed with the user in

11 mind" and also "streamline[]s billing processes with integrated financials,"

12 "[a]utomate[s] processes with electronic documentation," and "[a]utomate[s] clinical

13 documentation."

14     58.    ALTERA also gave PVHD a description of the EHR System prior to

15 PVHD purchasing the EHR System.

16     59.    ALTERA also gave PVHD a sample or model of the EHR System to try

17 out prior to PVHD purchasing the EHR System.

18     60.    These representations and warranties from ALTERA were "part of the

19 basis of the bargain" between PVHD and ALTERA with regard to the EHR System.

20     61.    PVHD reasonably relied on these representations and warranties to

21 purchase the EHR System.

22     62.    However, the EHR System did not perform as stated or promised and did

23 not meet the quality of the description provided by ALTERA or the sample and model

24 that ALTERA provided to PVHD.

25     63.    PVHD took reasonable steps to notify ALTERA within a reasonable time

26 of discovery that the EHR System was not as represented, whether or not ALTERA

27 received such notice.

28

FIRST AMENDED COMPLAINT
Case No. 5:24-cv-00666-FLA (DTBx)

1    64.    ALTERA failed to repair the EHR System and correct defects in the EHR
2 system as it promised to do and as required by the warranty.

3    65.    As a result of the foregoing, PVHD was harmed.

4    66.    The failure of the EHR System to be as represented was a substantial
5 factor in causing PVHD's harm.

### SIXTH CAUSE OF ACTION

### (Breach of Implied Warranty)

8    67.    PVHD incorporates by reference all of the foregoing paragraphs as if set
9 forth herein.

10    68.    In 2016, the EHR System was licensed by ALTERA in exchange for
11 payments of money by PVHD.

12    69.    At the time of the payments to ALTERA, it was in the business of selling
13 electronic health record and financial management systems and related software to
14 hospitals, healthcare clinics, and other retail buyers that used such software.

15    70.    The EHR System licensed to PVHD by ALTERA did not have the
16 quality that a buyer would reasonably expect; was not of the same quality as those
17 generally acceptable in the industry and/or trade; was not fit for the ordinary purposes
18 for which electronic health record and financial management systems are used; and
19 did not measure up to the promises or facts stated on ALTERA's website.

20    71.    PVHD took reasonable steps to notify ALTERA within a reasonable time
21 about the foregoing issues, but ALTERA did nothing to fix or repair these issues.

22    72.    As a result of the foregoing, PVHD was harmed.

23    73.    ALTERA's breach of the implied warranty was a substantial factor in
24 causing PVHD's harm.

25 / / /

26 / / /

27 / / /

28 / / /

## SEVENTH CAUSE OF ACTION

### (Fraud)

74.    PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

75.    ALTERA has fraudulently and deceptively represented to PVHD that the original software it had purchased needed to be completely replaced with new software because of all the problems and defects in the original software. Specifically, during 2021, ALTERA represented to PVHD's former CFO Christa Rohde, PVHD's current CEO Sandra Anaya, and PVHD's Board of Directors that in order for PVHD to overcome the challenges with its EHR System, PVHD needed to pay for a new software program called "SunComm."

76.    PVHD, its Officers, and its Board of Directors relied on these representations when agreeing to purchase SunComm on October 21, 2021.  ALTERA then began charging PVHD prematurely for the new SunComm system in violation of the Delivery Order for that system at an increased amount of more than $100,000 per month, over what it should have been charged for the existing EHR System, which was the only system that was operating and licensed to PVHD.  The resulting monthly payments made to ALTERA increased from $67,400 for the original software and support services to approximately $180,000 per month for the SunComm software, its implementation, and support services, even though there had been no exchange for the SunComm license.  These overcharges were contrary to the Delivery Order, which did not allow PVHD to be charged for the SunComm system until it was licensed to PVHD and operational, which still has not happened.

77.    ALTERA failed to disclose that PVHD did not ***need*** SunComm because the original software could have been fixed or that implementing SunComm would drag on for years, would never be completed, and that PVHD would never once use SunComm at its hospital, but would be overcharged millions of dollars for it over many years.

78.    As alleged herein, at the time the representations were made, ALTERA had the capability to just fix PVHD's then-existing software.

79.    ALTERA's representations and omissions were known exclusively to, and actively concealed by, ALTERA, not reasonably known to PVHD, and material at the time they were made.  ALTERA's misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by PVHD as to whether to purchase and/or use the new software.  In misleading PVHD and not so informing PVHD, ALTERA breached its duty to PVHD.  ALTERA also gained financially from, and as a result, of its breach.  Specifically, despite SunComm never being implemented or providing a license to the SunComm software, ALTERA has received over $2,000,000 since October 2021 for SunComm related charges from PVHD.

80.    PVHD relied to its detriment on ALTERA's misrepresentations and fraudulent omissions.  Had PVHD been adequately informed and not intentionally deceived by ALTERA, it would have acted differently by, without limitation: (i) declining to purchase and/or use the new software; (ii) choosing to have its then-existing software repaired; (iii) paying less for the software; and/or (iv) canceling the contract and choosing a different software provider.

81.    It was not until August 2023 that ALTERA Kelly Johnson and Thomas McCabe informed PVHD, including William Van Noll, that the then-existing software could be fixed, which is evidenced by a true-up project plan created by Kelly Johnson on August 29, 2023 outlining phases for ALTERA's plan to fix the software, as well as an August 30, 2023 recorded meeting to discuss the problems with the software discovered by Kelly Johnson resulting in countless subsequent weekly communications between PVHD and ALTERA regarding progress towards fixing the then-existing software.  During this time period, in August 2023, when ALTERA informed PVHD that the then-existing software could be fixed, the implementation of SunComm still was not completed and was placed on hold until the existing software was fixed.

82.    By and through such fraud, deceit, misrepresentations, and/or omissions, ALTERA intended to induce PVHD to alter its position to its detriment.  Specifically, ALTERA fraudulently and deceptively induced ALTERA to, without limitation, purchase and/or use new software that it did not need.

83.    PVHD justifiably and reasonably relied on ALTERA's misrepresentations and omissions, and, accordingly, was damaged by ALTERA.

84.    As a direct and proximate result of ALTERA's misrepresentations and/or omissions, PVHD has suffered damages, including, without limitation, the amount it paid to obtain the new software, which is no less than $2,000,000 and possibly more.

85.    ALTERA's conduct as described herein was willful and malicious and was designed to maximize ALTERA's profits even though ALTERA knew that it would cause loss and harm to PVHD, its hospital, its patients, California taxpayers, the community of Blythe, and the public.

## EIGHTH CAUSE OF ACTION

### (Conversion)

86.    PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

87.    PVHD owned certain records, data, and information relating to its patients and is entrusted as a hospital of taking care of and possessing its patients' electronic health records, data, and patient health information.

88.    ALTERA wrongfully exercised control over these electronic health records and patient information.  Specifically, ALTERA substantially interfered with these records, data, and health information by knowingly or intentionally withholding access to these records, data, and information after PVHD requested and demanded its return.

89.    PVHD did not consent to ALTERA's actions.

90.    As a result of the foregoing interference, PVHD was harmed.

91.    ALTERA's conduct was a substantial factor in causing PVHD's harm.

## NINTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations)

92.     PVHD incorporates by reference all of the foregoing paragraphs as if set forth herein.

93.     PVHD had contracts, business relationships, and economic relationships with third parties, including patients, payers, the California Department of Health Care Services, California's Quality Incentive Pool Program, Medicaid, Medicare, and others that would likely have resulted in an economic benefit to PVHD.

94.     ALTERA had knowledge of these contracts, business relationships, and economic relationships.

95.     ALTERA intentionally interfered with these contracts and relationships. ALTERA's conduct prevented performance or made performance more expensive or difficult.

96.     ALTERA intended to disrupt the performance of these contracts and relationships or knew that disruption of performance was certain or substantially certain to occur.

97.     As a result of the foregoing, PVHD was harmed.

98.     ALTERA's conduct was a substantial factor in causing PVHD's harm.

## PRAYER FOR RELIEF

WHEREFORE, PVHD prays for judgment against ALTERA as follows:

1.     As to the first cause of action:

    a.     That the Court enter an injunction requiring ALTERA's specific performance of its contractual obligations under the Agreement, specifically for ALTERA to provide PVHD with a functional and operational EHR System;

    b.     For injunctive relief, including, but not limited to, a preliminary and permanent injunction to enjoin and prohibit ALTERA from removing, restricting, impeding, obstructing, or hindering PVHD's access to the EHR System, requiring ALTERA to promptly provide to PVHD all of its data and patient health information

contained within the EHR System in a safe manner and in a human, readable format to PVHD, and to protect PVHD, its hospital, its patients, the taxpayers, and the public from further harm caused by ALTERA's misconduct;

          c.     For a judgment that ALTERA has breached the Agreement with PVHD in violation of California law;

          d.     For an order that the Agreement is rescinded;

          e.     For general compensatory damages; and

          f.     For consequential damages.

2.     As to the second cause of action, for a judgment that ALTERA has violated the California Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.*

3.     As to the third cause of action, for a judgment that ALTERA has breached the implied covenant of good faith and fair dealing in violation of California law.

4.     As to the fourth cause of action, for injunctive and equitable relief.

5.     As to the seventh cause of action, for economic, punitive and exemplary damages, according to proof.

6.     As to the eighth cause of action, for injunctive relief requiring ALTERA to give back to PVHD all of its data and patient health information in a readable format and prohibiting ALTERA from engaging in "information blocking" as defined by federal law and any other injunctive relief that protects PVHD, its hospital, its patients, and the public from ALTERA's unlawful misappropriation of PVHD's data and health information.

7.     As to the ninth cause of action, for economic, punitive and exemplary damages, according to proof.

/ / /

/ / /

/ / /

8.     As to all the causes of action:

     a.     For injunctive relief that prohibits ALTERA from "information blocking" so that the public, PVHD's patients, PVHD, and its hospital are protected from the irreparable harm caused by ALTERA's "information blocking";

     b.     For equitable relief that protects, makes whole, and/or compensates PVHD, its hospital, its patients, and the public;

     c.     That the Court enter an injunction that enjoins and prohibits ALTERA from breaching the Agreement and to specifically perform its obligations and duties under the Agreement and to comply with federal laws relating to "information blocking";

     d.     That the Court enter an injunction that enjoins and prohibits ALTERA from removing, restricting, impeding, obstructing, or hindering PVHD's access to the EHR System;

     e.     That the Court enter an injunction requiring ALTERA's specific performance of its contractual obligations to provide PVHD with an operational and functional EHR System and technical support;

     f.     That the Court enter an injunction requiring ALTERA to promptly provide to PVHD all of its data contained within the EHR System in a safe manner and in a human, readable format;

     g.     That PVHD be awarded equitable relief, including, but not limited to: restitution; accounting of profits; rescission of the Agreement; and disgorgement of all profits, money, and benefits obtained by ALTERA as a result of their wrongful conduct and acts of unjust enrichment;

     h.     That PVHD be awarded lawful interest on any damages;

     i.     That PVHD be awarded any legally authorized attorneys' fees and costs; and

     j.     That the Court grant all such other and further relief as the Court may deem just and proper.

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

PVHD hereby demands a trial by jury on all issues so triable.

3

4 Dated: April 24, 2024                    GREENE & ROBERTS LLP

5

6                                           By:_____/s/ Noel J. Meza_____

7                                                Maria C. Roberts
                                                 Noel J. Meza
8                                                Attorneys for Defendant
                                                 Palo Verde Healthcare District

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28