Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:   (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Plaintiff, Palo Verde
Healthcare District

Jennifer S. Romano (SBN 195953)
JRomano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile:  (213) 622-2690

Molly A. Jones (SBN 301419)
MoJones@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile:  (415) 622-2690

Attorneys for Defendant Altera Digital
Health Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PALO VERDE HEALTHCARE
DISTRICT, a California public entity,

            Plaintiff,

      v.

ALTERA DIGITAL HEALTH INC., a
Delaware corporation; and DOES 1
through 10, inclusive,

            Defendants.

Case No. 5:24-cv-00666-FLA (DTBx)

**JOINT REPORT ON STATUS OF
PLAINTIFF'S CONVERSION TO
NEW ELECTRONIC HEALTH
RECORD PROVIDER AND
DEFENDANT'S PROVISION OF
PLAINTIFF'S DATA**

Dist. Judge:   Hon. Fernando Aenlle-Rocha
Mag. Judge:   Hon. David P. Bristow
Action Date:  March 26, 2024

Trial Date:   Not Set

Pursuant to the Court's Order Granting Plaintiff's Application for Preliminary Injunction dated April 29, 2024 (D.I. 35), Plaintiff Palo Verde Healthcare District ("PVHD" or "Plaintiff") and Defendant Altera Digital Health Inc. ("Altera") submit this joint status report to address the status of Defendant's provision of Plaintiff's data and Plaintiff's transition to a new electronic records service provider.

**A.    Status Report of Palo Verde Healthcare District:**

On **March 29, 2024**, the district court granted a Temporary Restraining Order ("TRO") requested by Palo Verde Healthcare District ("PVHD") that enjoined ALTERA from removing, restricting, impeding, obstructing, or hindering PVHD's access to and use of the EHR System and related software, software modules, etc.

On **April 29, 2024**, the district court issued an order granting PVHD's application for preliminary injunction that (1) extending the March 29, 2024 TRO for 90 days, (2) required ALTERA to return PVHD's electronically-stored data to it within 10 days, and (3) ordered the parties to file a joint report on or before July 18, 2024 advising of the status of:

- ALTERA's return of PVHD's data to PVHD;
- PVHD's progress in converting to a new EHR system; and,
- PVHD's continued need for access to the EHR system.

On **May 2, 2024**, counsel for PVHD received hard drives which, according to ALTERA, contained all of PVHD's electronically stored data.

Upon receipt of the hard drives from ALTERA, PVHD's consultants spent weeks accessing the data stored on the hard drives and archiving it into a Capstone Unity Repository Program. Once that process was completed, PVHD's consultants began training key PVHD employees on protocols created for validating the data, including the scanned images, to ensure the data received from ALTERA is both complete and accurate. Although the validation process is being performed on a

1  sampling basis, that process is estimated to take at least 60 to 75 days to complete and

2  is not expected to be completed until mid-to-late August 2024.

3      PVHD also needs ALTERA to return to it "gap" data, which is all data on the

4  existing EHR system that was generated/created between May 1, 2024 and the date

5  the new EHR system at PVHD begins operating.

6      With respect to the conversion to the new EWHR system, as of **mid-July 2024**,

7  the development and implementation of that new system is also well underway.  Initial

8  Integrated Testing has been completed, and standard subsequent testing must be

9  accomplished prior to the system being operational.  It is, however, difficult to predict

10  with certainty when the new EHR system will actually be operational and, therefore,

11  when PVHD's need for continued access to the existing EHR system will end.

12      Presently, the goal is to have the new EHR system operating by late September

13  2024, but that is contingent upon numerous variables over which PVHD has limited

14  control, including the timely completion of work by external third-party vendors to

15  interface with the new EHR system.

16      The conversion to a new EHR system is of utmost importance to PVHD and

17  one of its highest priorities, but PVHD will need continued access to the existing EHR

18  system in current format for the full five months (through the end of September 2024),

19  as requested by PVHD in its applications for TRO and preliminary injunction and

20  which the Court has indicated it is inclined to allow.

21  **B.**    **PVHD's Response to ALTERA's Position**:

22      It is factually incorrect to assert that PVHD has not provided updates on the

23  status, progress, and efforts to expedite the transition. During the June 13, 2024

24  discussion mentioned below, PVHD's counsel informed ALTERA's counsel that the

25  District and its new EHR vendor were working diligently and expeditiously on the

26  transition and expected to need EHR access through the end of September.  PVHD's

27  counsel gave the same amount of detail to ALTERA's lawyers as is contained in this

28

JOINT REPORT ON STATUS OF PLAINTIFF'S CONVERSION TO NEW ELECTRONIC HEALTH RECORD
PROVIDER AND DEFENDANT'S PROVISION OF PLAINTIFF'S DATA;
CASE NO. 5:24-CV-00666-FLA (DTBx)

report.  Both communications emphasized that this transition was a top priority and that PVHD was making every effort to complete it as swiftly as possible.  The transition date of late September 2024, based on feedback from progress by the new EHR vendor, was explicitly communicated to the ALTERA's counsel, so the statement that there is no transition date and that the current system will be used without an end date is also false.

Further, at no time did the Court require PVHD to provide proof or evidence of its progress, the Court simply stated that PVHD had to alert the Court of the progress.  ALTERA takes the completely untenable position that a conversion to a new EHR system should have been completed in a period of a few months, when it took 15 months for ALTERA to set up the current EHR system in 2015/2016 and, in more than 2.5 years ALTERA failed to set up the second system for which it overcharged PVHD more than $2,000,000.

Moreover, at the April 26, 2024, hearing on the preliminary injunction, ALTERA's lawyers asked for a 90 day check-in and proposed the Court:

> . . . . [I]mpose a preliminary injunction for 90 days and come back for a status report, where are you, Palo Verde, with your transition project -- process?  They provided you with the data back at the beginning of May.  Now where are you?

In response, the Court said:

> Based on today's hearing, the equivalent of my temporary restraining order will stay in effect for another 90 days. . . .  I'm going to order the parties to file a joint report a week before the 90-day period expires, telling me where you are with respect to the transition, right, away from the defendant and towards the plaintiff's new service provider.

> Make it ten days.  File it 10 days before the 90-day period.  And hopefully the two sides will be getting along a lot better by then.  And you can hopefully . . . if it's still going to need another 90 days or something, you'll be able to agree to it, submit a stipulation to the Court, and hopefully finalize this process while the litigation continues.

1   ALTERA's lawyers did not request, nor did the Court order, or permit the re-

2   litigation of the injunction or ALTERA's failed bond request.  ALTERA's lawyers

3   also did not request, nor did the Court order, that PVHD provide evidence or proof of

4   its progress in setting up the new system.  Rather, as ALTERA knows, this is a

5   process that takes at least 12 months.  PVHD expects to have it completed within

6   about 8 months, at the end of September 2024.  To the extent ALTERA requires a date

7   certain, PVHD proposes September 30, 2024, as the outside date for the preliminary

8   injunction.

9       **C.**     **Status Report of Altera**

10  As confirmed in PVHD's statement above, Altera timely complied with the

11  Court's order by providing PVHD a copy of its data on May 1, 2024, which PVHD's

12  counsel received on May 2, 2024. Since Altera provided a copy of the data to PVHD,

13  PVHD has not indicated that it needs anything from Altera to transition to its new

14  system, other than another copy of the data on the date of the final transition (which

15  PVHD must pay for under the Agreement).

16  Between the issuance of the April 26, 2024 preliminary injunction and the filing

17  of this joint status report, Altera has inquired with PVHD multiple times about its

18  transition to a new electronic records service provider. Altera is not aware of the

19  details of PVHD's transition, and therefore, cannot attest to the facts described above

20  in PVHD's submission. Notably, PVHD has never provided evidence that it has tried

21  to expedite the transition process notwithstanding the fact that PVHD has been using

22  Altera's product and services for over a year without payment. *See* D.I. 55 (Order

23  Denying Motion for Attorneys' Fees).

24  On June 13, 2024, at Altera's request, counsel for the parties met and conferred

25  regarding the status of the transition. At that time, PVHD projected that it would

26  complete the transition by the end of August or beginning of September. Altera's

27  counsel requested information about when PVHD's transition to the new vendor's

28

1  software began, and PVHD's counsel stated that she did not know but that she

2  believed it was in February or March. Altera's counsel also requested whether there is

3  any way to speed up the transition. PVHD's counsel indicated she was not aware of

4  any.

5       PVHD now states that it will need until the end of September 2024 to complete

6  the transition, and even then, it does not commit to a firm transition date.[1] It is

7  Altera's position that the preliminary injunction should now be dissolved. After a year

8  of providing its product and services without being paid the amount due of over

9  $155,000 per month under the Agreement, Altera should not be forced to do so any

10  longer, particularly because Altera continues to incur out-of-pocket data hosting and

11  third-party software costs for PVHD's benefit totaling $34,741 per month. *See* D.I.

12  22-1 at ¶¶ 28-38. Altera has had other customers who managed their operations

13  without an EHR under certain circumstances without incident, and there is no reason

14  why PVHD cannot do so for the period until it has a new EHR system with a different

15  vendor.

16       In the alternative, if the Court is inclined to extend the preliminary injunction,

17  Altera requests that there be a date certain on which Altera will no longer be required

18  to provide its product and services to PVHD, and that PVHD be ordered to post a

19  bond in the amount $313,572.24, which is the amount it owes to Altera for two

20  months of licensing and services under the Agreement. At a minimum, the well-

21  reported financial issues facing PVHD's facility seriously call into question its ability

22  to pay for past-due licensing fees, and there is no reason why PVHD should not be

23

24  [1] For example, PVHD's employees are performing their own "validation testing" of

25  the EHR data, but as Altera has previously briefed, Altera's SunComm system

26  integration with PVHD was significantly delayed in part because of PVHD's lack of

27  attention and resources on the work that they were required to complete to advance the project. Altera's concern is that, left to PVHD's own devices, the transition will drag

28  on indefinitely.

JOINT REPORT ON STATUS OF PLAINTIFF'S CONVERSION TO NEW ELECTRONIC HEALTH RECORD PROVIDER AND DEFENDANT'S PROVISION OF PLAINTIFF'S DATA;
CASE NO. 5:24-CV-00666-FLA (DTBx)

1   required to pay for its continued use having convinced the Court to institute a

2   preliminary injunction.

3       Altera disputes many of the assertions PVHD makes in response to this

4   statement, but those issues do not need to be resolved for purposes of this joint report

5   to the Court.

6

7

8   Dated: July 18, 2024                  GREENE & ROBERTS LLP

9                                         By:*/s/ Maria C. Roberts*_____
                                          Maria C. Roberts
10                                        Noel J. Meza

11                                        Attorneys for Plaintiff
                                          Palo Verde Healthcare District
12

13  Dated:  July 18, 2024                 CROWELL & MORING LLP

14

15                                        By:*/s/ Jennifer S. Romano*_____
16                                        Jennifer S. Romano
                                          Molly A. Jones
17
                                          Attorneys for Defendant
18                                        Altera Digital Health Inc.

19

20

21

22

23

24

25

26

27

28

JOINT REPORT ON STATUS OF PLAINTIFF'S CONVERSION TO NEW ELECTRONIC HEALTH RECORD
PROVIDER AND DEFENDANT'S PROVISION OF PLAINTIFF'S DATA;
CASE NO. 5:24-CV-00666-FLA (DTBx)